UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TEVIEAE LUGG, A76-553-785

                Petitioner,

        -v-                                        14-CV-669-JTC
                                                        ORDER

ERIC H. HOLDER, Attorney General of the
United States;

MICHAEL PHILIPS, Field Office Director for
Detention and Removal, Buffalo Field Office,
Bureau of Immigration and Customs Enforcement;

DEPARTMENT OF HOMELAND SECURITY;

and

TODD TRYON, Facility Director,
Buffalo Federal Detention Facility,

                Respondents.

_____

        Petitioner, Tevieae Lugg, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 challenging his continued administrative detention in the custody of the Department of Homeland Security/Immigration and Customs Enforcement ("DHS/ICE") pending removal. Dkt. #1.[1] Respondents have filed a motion to dismiss the petition as

---

[1] Because petitioner could not and did not challenge his final order of removal in this Court, a stay of removal was not entered. *See* Dkt. #4 (Mitchell Aff.), ¶ 3; *see also Sikder v. Gonzalez*, 2006 WL 1149153, at *5 (D. Col. April 28 ,2006) ("Nevertheless, pursuant to the [REAL ID] Act, this court is without jurisdiction to hear the petitioner's claims or to grant him the relief he seeks in his motion, such as a stay of the order of removal.") (Order Affirming and Adopting Magistrate Judge's Report and Recommendation) (citations omitted); *Morillo v. DHS & Bice Detention Center,* 2006 WL 1007645, at *1 (N.D.N.Y. April 17, 2006) ("[m]oreover, to the extent that Petitioner is only seeking a stay of his removal, this Court would also be without jurisdiction to address this request."); *Aime v. Department of Homeland Security*, 2005 WL 1971894, *1 (W.D.N.Y. Aug. 16, 2005) ("since petitioner challenges an order of removal within the meaning of the REAL ID Act, § 106(b) . . . this Court has no jurisdiction to review the merits of the petition or to stay the order of removal.").

moot inasmuch as petitioner's removal was effected by DHS/ICE on or about August 28, 2014.  Dkt. #4  (Affidavit of Gail Y. Mitchell, Esq.), ¶¶ 4-5.  Respondents' counsel has submitted a copy of the Warrant of Removal/Deportation of DHS/ICE verifying the petitioner's removal.  *Id.*, Exh. A.

Accordingly, in light of the fact that petitioner's removal has been effected and he no longer is in the custody of the Department of Homeland Security, the respondents' motion to dismiss the petition is granted and the petition is dismissed.[2]

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within sixty (60) days of the date of judgment in this action.  Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT HEREBY IS ORDERED, that the petition is dismissed; and

FURTHER, that leave to appeal as a poor person is denied.

---

[2] *See Arthur v. DHS/ICE*, No. 09-CV-6130-CJS-VEB (W.D.N.Y. April 15, 2010) (Dkt. #19, Report and Recommendation) (petition for a writ of habeas corpus seeking release from detention pending removal moot upon removal of petitioner); *Masoud v. Filip*, 2009 WL 223006 (W.D.N.Y. January 27, 2009) (confirming Report and Recommendation of U.S.M.J. Victor E. Bianchini) (petition for a writ of habeas corpus filed under 28 U.S.C. § 2241 seeking release from detention pending removal moot upon release of petitioner from detention pursuant to an Order of Supervision).

SO ORDERED.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

DATED: September 24, 2014
p:\pending\2014\14-669.2241.moot.sept24.2014